IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY HOBAN,                       No. 2:15-cv-1302-JAM-CMK-P

        Petitioner,

  vs.                              <u>FINDINGS AND RECOMMENDATION</u>

BRIAN DUFFY ,

        Respondent.

_____/

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's petition for a writ of habeas corpus (Doc. 1). Petitioner was convicted in 1988 of kidnap and murder. He states he received a sentence of 25-to-life. He is challenging his sentence as excessive in violation of the Eighth Amendment and not a proportionate sentence, the 2014 decision to deny him parole for lack of "some evidence" and the application of Marsy's Law for a three year denial of parole as an ex post facto violation.

        Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the

instant case, it is plain that petitioner is not entitled to federal habeas relief.

First, to the extent petitioner is challenging his sentence of 25 years-to-life, the petition is untimely.[1] Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review. See 28 U.S.C. § 2244(d)(1).

Petitioner is claiming his sentence is not proportional and is in violation of the Eighth Amendment. Petitioner was convicted in 1988. He had one year to file his federal habeas petition from the time his conviction was final. The current petition was not filed until 2015. Petitioner has not argued that there was any impediment to filing his petition, that he is raising a newly-recognized constitutional right, or that he discovered the factual predicate of his claim sometime after his conviction became final. He has offered no basis on which the court could find a challenge to his sentence well over 25 years after the sentence was final to be timely. Similarly, there does not appear to the undersigned to be any newly-recognized constitutional right at issue here, as the United States Supreme Court addressed proportional sentences in 2003. See Lockyer v. Andrade, 538 U.S. 63, 72 (2003). Therefore, it is clear that the petition, to the extent it is challenging his 1988 sentence, is untimely.[2]

---

[1] The United States Supreme Court has ruled that "district courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." Day v. McDonough, 547 U.S. 198, 209 (2006); see also Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001) (concluding that district court may sua sponte consider the statute of limitations as long as the petitioner has notice and an opportunity to be heard before the petition is dismissed as untimely).

[2] Even if this claim was not untimely, a life sentence with the possibility of parole for a first-degree murder conviction such as that committed by petitioner would not constitute

| | |
|---|---|
| 1 | To the extent petitioner is challenging the decision to deny him parole, that claim |
| 2 | is foreclosed. Reversing the Ninth Circuit's decision in Hayward v. Marshall, 603 F.3d 546 (9th |
| 3 | Cir. 2010) (en banc), the United States Supreme Court has observed: |

> Whatever liberty interest exists [in parole] is, of course, a *state* interest. There is no right under the Federal Constitution to be conditionally released [on parole] before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. Id. at 7. When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication – and federal courts will review the application of those constitutionally required procedures. . . .

Swarthout v. Cooke, 562 U.S. 216, 131 S. Ct. 859, 862 (9th Cir. 2011) (per curiam) (citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 7 (1979)) (emphasis in original).

The Court held:

> In the context of parole, we have held that the procedures required are minimal. In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. 442 U.S. at 16. "The Constitution," we held, "does not require more." Ibid. Cooke and Clay received at least this amount of process: They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied. (citations omitted).
> That should have been the beginning and the end of the federal habeas courts' inquiry into whether Cook and Clay received due process. . . .

Id. The Court added that "[n]o opinion of ours supports converting California's 'some evidence' rule into a substantive federal requirement" and "it is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied" because "a 'mere error of state law' is not a denial of due process." Id. at 862-63 (citing Engle v. Isaac, 456 U.S. 107, 121, n.21 (1982)). Thus, in cases challenging the denial of parole, the only issue subject to federal habeas review is whether the inmate received the

---

cruel and ususal punishment. See Harris v. Wright, 93 F.3d 581, 585 (9th Cir. 1996), Rummel v. Estelle, 445 U.S. 263, 271-72 (1980); see also Lockyer, 538 U.S. at 72.

procedural due process protections of notice and an opportunity to be heard. There is no other clearly established federal constitutional right in the context of parole.

Here, to the extent petitioner claims that the decision to deny parole was not based on "some evidence" or otherwise failed to satisfy substantive due process, the claim is foreclosed as a matter of law because there is no clearly established federal constitutional substantive due process right in parole. Petitioner does not claim that he was not provided the minimal procedural due process protections of notice and an opportunity to be heard. Indeed, the documents attached to the petition indicate that petitioner was provided the minimum procedural protections guaranteed by the federal constitution.

Finally, to the extent petitioner challenges the denial of parole based on an ex post facto violation, challenging Marsy's law[3] (Proposition 9), that claim has also been foreclosed. Petitioner acknowledges he falls within the Gilman class. See Gilman v. Brown, 110 F. Supp. 3d 989, 990 (E.D. Cal. 2014) (Gilman I), rev'd and remanded, 814 F.3d 1007 (9th Cir. 2016) (the plaintiff class in Gilman is comprised of "all California State prisoners who have been sentenced to a life term with possibility of parole for an offense that occurred before November 4, 2008"). Petitioner has not alleged that he has opted out of the Gilman class. Assuming petitioner did not opt out of the class, he cannot maintain an independent ex post facto challenge. See Acinelli v. Holland, No. CV 15-7917-AB (PLA), 2016 WL 5662048, at *5 (C.D. Cal. July 22, 2016) (Adopted in full Sept. 28, 2016) (citing Crawford v. Bell, 599 F.2d 890, 893 (9th Cir. 1979)); see also Gilman v. Fisher, 2:05-cv-0830 LKK CKD P, 2010 U.S. Dist. LEXIS 143678, at *3 (Order Filed Dec. 10, 2010). Even if petitioner could maintain an independent challenge, the Ninth Circuit has concluded that Marsy's law (Proposition 9) does not violate the Ex Post Facto Clause because there is no evidence that Proposition 9 increases the risk of prolonged incarceration, and

---

[3] Under Marsy's Law, the minimum deferral period between parole hearings was increased from one to three years, and the maximum deferral period from five to fifteen years. See Gilman v. Schwarzenegger, 638 F.3d 1101, 1104 (9th Cir. 2011).

4

that an inmate can petition to advance a parole suitability hearing which affords relief from class-wide risk of prolonged incarceration.  See Gilman v. Brown (Gilman II), 814 F.3d 1007, 1016-21 (9th Cir. 2016) (reversing Gilman I and holding that Proposition 9's deferral provisions do not violate the Ex Post Facto Clause). Therefore, petitioner's claim that the parole board's application of Proposition 9 to his parole hearing, in denying parole for a period of three years, violates the Ex Post Facto Clause has been foreclosed by the Ninth Circuit.

Based on the foregoing, the undersigned recommends that petitioner's petition for a writ of habeas corpus (Doc. 1) be summarily dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 18, 2018

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE